**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES ROBERTS,

        Plaintiff,

v.                                                               Case No. 06-cv-13789-DT

CITY OF FLINT and
HOUSTON TIPTON,

        Defendants.
                                       /

**OPINION AND ORDER DENYING "PLAINTIFF'S MOTION TO AMEND COMPLAINT"**

Pending before the court is Plaintiff James Roberts's August 22, 2007 motion to amend his complaint to add a retaliation claim against Defendant Houston Tipton. Having reviewed the briefing in this matter, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed his complaint on August 25, 2006, alleging a 42 U.S.C. § 1983 claim for unreasonable seizure under the Fourth Amendment against Tipton and a § 1983 claim for a violation of the Fourth Amendment against Defendant City of Flint. (*See* 8/25/06 Compl.) On January 23, 2007, Plaintiff filed his amended complaint, which added the following counts against Tipton: (1) assault and battery; (2) false arrest/imprisonment; (3) malicious prosecution; (4) violation of § 1983 for malicious prosecution under the Fourth Amendment; and (5) violation of § 1983 for excessive force under the Fourth Amendment.

Under the court's January 17, 2007 scheduling order, discovery was to end on July 11, 2007 and dispositive motions were to be filed by July 25, 2007. (*See* 1/17/07 Scheduling Order.) Depositions of Henry Younger and Darwyn Sparks were not taken until July 17, 2007. Defendants filed their motions for summary judgment on July 25 and 26, 2007 and Plaintiff filed his responses on August 15 and 16, 2007. Plaintiff then filed an August 22, 2007 motion to amend his complaint to add a count of retaliation against Tipton, which is currently pending before the court.

## II. STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After a responsive pleading has been filed, however, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id*. "In deciding whether to permit a plaintiff to amend, a district court can consider 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Sosby v. Miller Brewing Co.*, 211 F. App'x 382, 389 (6th Cir. 2006) (quoting *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir.1990)). Delay alone, however, is not a "sufficient reason to deny the amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). The decision to permit or reject the amendment is committed to the discretion of the trial court. *See id.* (citations omitted) ("The denial of a motion for leave to amend is reviewed for abuse of discretion, except to the extent that the decision is based on a legal conclusion that the

amendment would not withstand a motion to dismiss."); *S. Elec. Heath Fund v. Heritage Mutual Ins. Co.*, 147 F. App'x 497, 504 (6th Cir. 2005) ("[W]e also review a district court's decision to grant leave to amend for abuse of discretion.").

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may only be modified upon a showing of good cause. Additionally, the amendment will only be granted "if [the original schedule] cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed. R. Civ. P. 16, 1983 advisory committee's notes; *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)). Before modifying the scheduling order, the court should also consider whether the nonmovant will suffer any prejudice by virtue of the amendment. *Id.* However, Rule 16 shall not be construed as a means to circumvent the expressed limitations of Rule 15. *See generally id.* at 906-09. Accordingly, the party seeking to amend the scheduling order must satisfy the requirements of both Rule 15 and Rule 16.

### III. DISCUSSION

#### A. Federal Rule of Civil Procedure 16

#### 1. Good Cause

Plaintiff's motion fails to persuade the court that "good cause" exists to allow an amendment to the court's scheduling order under Rule 16(a). Plaintiff filed his motion to amend on August 22, 2007 - more than one month after the close of discovery, nearly one month after Defendants filed their motions for summary judgment and one week after Plaintiff filed his responses to Defendants' summary judgment motions.

3

Nevertheless, Plaintiff argues that his delay is reasonable because his motion was filed promptly after unearthing newly discovered information. (Pl.'s Reply at 5.)

The court's scheduling order does allow amendments based on newly discovered information if the amending party does so "promptly after receipt of the information upon which the proposed amendment is based." (1/17/07 Scheduling Order at 2.) In order to constitute "newly discovered evidence," the evidence must have been previously unavailable. *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). Plaintiff asserts that the basis for his retaliation claim was not revealed until Younger and Sparks testified as to Tipton's demeanor and attitude at the police station. (Pl.'s Mot. at ¶¶ 3-4.)

However, Plaintiff was himself present at the police station when Tipton gave him the fourth citation, and therefore had the opportunity to observe Tipton's demeanor and assess whether his actions could be viewed as retaliatory. Younger and Sparks only serve as third-party eyewitnesses to the incident. In this sense, the deponents did not present any evidence that was previously unavailable to Plaintiff. At his deposition, Younger simply agreed with Plaintiff's counsel's characterization that Tipton's actions "looked like retaliation." (Younger Dep. Tr. at 6, Pl.'s Mot. Ex. D.) Similarly, in response to a question posed by Plaintiff's counsel regarding whether Tipton's actions could be viewed as retaliatory, Sparks responded, "It could be viewed as that, yes." (Sparks Dep. Tr. at 5, Pl.'s Mot. Ex. E.) While the statements of the deponents support Plaintiff's characterization of Tipton's actions, the statements themselves were neither new nor surprising to Plaintiff and do not constitute newly discovered evidence justifying an eleventh-hour amendment.

4

Furthermore, the court is unpersuaded that Plaintiff's motion to amend was filed promptly after Plaintiff received the allegedly newly-discovered evidence. Even assuming that Plaintiff had no prior knowledge of the evidence of retaliation, there is no reason that Plaintiff could not have, with reasonable diligence, filed his motion to amend immediately following the July 17, 2007 depositions. To the extent Plaintiff has a good faith basis to pursue a claim of retaliation against Tipton, he admits that he became aware of the basis for this claim during the July 17, 2007 depositions. What Plaintiff does not adequately explain is the over one-month delay from the date of the deposition to the date of Plaintiff's motion to amend. The court is unpersuaded by Plaintiff's claim that he needed to wait until he received transcripts of the deposition on August 8, 2007 to determine that he could assert a claim of retaliation against Tipton. While deposition transcripts typically aid a party by providing detail, Plaintiff was well aware of the necessary facts to assert a retaliation claim following the depositions. Accordingly, Plaintiff has not demonstrated good cause for his delayed motion to amend.

### 2. Prejudice

In deciding whether to amend a scheduling order, the court must consider the "potential prejudice to the nonmovant." *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003). A delay that does not prejudice the opposing party is not a proper basis to deny the motion to amend. *See Morse v. McWhorter,* 290 F.3d 795, 800 (6th Cir. 2002). Plaintiff contends his motion should be granted because Defendants would not be prejudiced by Plaintiff's amended complaint. Plaintiff argues that no new discovery or depositions are needed because Plaintiff bases his proofs on depositions already taken. (Pl.'s Reply at 3.) Defendants, on the other hand, assert that undue prejudice will result

5

if the motion is granted because Defendants will be forced to retain new experts, amend witness lists, and possibly file another dispositive motion. (Def.'s Resp. at 13.)

Plaintiff's retaliation charge asserts a completely new theory of liability that is substantially different than the counts previously asserted. Moreover, unlike Plaintiff's original claims, which focus on Tipton's conduct during Plaintiff's arrest, Plaintiff's new claim is based on Tipton's actions hours later at the police station. Plaintiff's new theory of liability against Tipton was therefore not a focus of Tipton's discovery strategy, and if Plaintiff were permitted to amend his complaint to add a claim for retaliation, it appears that Defendants would need to, at a minimum, re-depose Tipton and prepare its response to Plaintiff's new claim. Therefore, the court rejects Plaintiff's contention that no further discovery would be necessary as a result of Plaintiff's amendment. Because discovery has ended, this additional discovery would necessarily delay trial and modify the court's scheduling order. "At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (internal citations omitted).

Moreover, like the Defendants in this case, the defendant in *Duggins* had already filed a motion for summary judgment. *See id.* As a result, the Sixth Circuit also approved the district court's finding that allowing the amendment would prejudice the defendants by denying them their "anticipated 'closure.'" *Id.* As it stands now, Plaintiff has already responded to Defendants' motions for summary judgment and the motions have been fully briefed. Therefore, this amendment would turn what is now a case-dispositive motion for summary judgment into a partial motion for summary judgment

6

and require further discovery as well as a possible second motion for summary judgment. This scenario presents a typical case of prejudice.

Plaintiff's delayed amendment will prejudice Defendants and require the court to amend its scheduling order. Because Plaintiff has failed to show good cause for his delay, the court will deny Plaintiff's motion to amend under Rule 16.

## B. Federal Rule of Civil Procedure 15

A plaintiff must first satisfy the good cause requirement of Rule 16(b) before considering whether Rule 15(a) would allow the amendment. *Leary*, 349 F.3d at 909 (citing *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). As stated above, Plaintiff has failed to show good cause to amend the scheduling order under Rule 16(b). Nonetheless, the court finds that Plaintiff's amendment is also improper under Rule 15(a).

The court has found that Plaintiff had notice of his potential claim against Tipton on July 17, 2007 at the latest. Plaintiff's failure to file a motion to amend or provide Defendants with notice of his intent to file a second amended complaint until August 22, 2007, well after the discovery cut-off date and dispositive motion deadlines, constitutes undue delay. This delay and lack of notice would prejudice Defendants by the expenditure of more time and money on additional discovery and motion practice.

Defendants further argue that Plaintiff's amendment would be futile because Younger and Sparks's deposition testimony is inadmissible and fails to support Plaintiff's theory of liability. Because the court has determined that Plaintiff's second and belated amendment is a product of undue delay, resulting in lack of notice and undue prejudice

7

to Defendants, Plaintiff's motion to amend should also be denied under Rule 15 and the court need not determine whether Plaintiff's proposed amendment would also be futile.

## IV.  CONCLUSION

IT IS ORDERED that "Plaintiff's Motion to Amend Complaint" [Dkt. #48] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 26, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522